IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:       FOREST PACKING COMPANY                    CASE NO. 11-00627-NPO

## MOTION TO CONVERT TO CHAPTER 7

COMES NOW Forest Packing Company (the "Debtor" or the "Movant") and files this its Motion to Convert to Chapter 7 (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

1. The Debtor initiated this Chapter 11 case by the filing of a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on February 21, 2011. Subsequent to the filing of the Petition, the Debtor has been in possession and control of the assets of the Debtor-in-Possession and has been, to the extent possible, operating the businesses of the Debtor-in-Possession.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§157 and 1334; 11 U.S.C. §§105, 363, 541, 706, 1107, 1112, related statutes, related rules and various orders of reference. This is a core proceeding.

3. The Debtor's operations consisted of a poultry processing plant and facilities located in Forest, Mississippi.

4. Subsequent to the filing of the Petition, the Debtor's business fortunes have continually spiraled downward.

5. Shortly after the Petition was filed, the Debtor no longer had a source of product to process. The Debtor undertook a number of efforts to secure product that was capable of being processed at a profitable level, but failed in every effort to obtain that product. At that point, Debtor was forced to close operations.

6. Debtor's sales stopped as a result of the lack of product it had to process, its accounts receivables have all been collected (at least the ones that are readily collectible) and it is out of cash.

7. Debtor's utility services have been terminated, it has no funds with which to pay for insurance that is due or to extend policies of insurance (some of which have expired by their own terms or are about to expire by their own terms).

8. Debtor is of the opinion that the sale of its assets, in a controlled liquidation, will yield a substantially higher price than if its assets are foreclosed upon by its secured creditors. However, Debtor is of the further view that it must have the support of its secured creditors for such a controlled liquidation process to be successful. Support of its lenders include, but is not limited to, payment of insurance premiums, payment of security services, payment of brokerage commissions and out-of-pocket expenses for advertising and marketing a controlled liquidation of its assets, overhead contributions (such as for the payment of utilities and similar essential support services), compensation for those employees remaining to assist with the controlled liquidation, not to mention professional compensation. The Debtor's secured creditors have declined to provide such support and have indicated they are proceeding (or will proceed) to have the automatic stay lifted and to foreclose upon the collateral. Absent secured creditor support, the Debtor sees little prospect for successfully defending the motions for relief from the automatic stay.

9. Remaining in Chapter 11 will unnecessarily increase the costs of administration (for which there will likely be no funds to pay), and further delay what the Debtor sees to be an inevitable outcome in this case.

10. Absent support from its secured creditors, the Debtor cannot conduct a controlled liquidation of its assets and it has no possible way to file or fund a plan of reorganization.

11. In short, remaining in Chapter 11 is no longer a viable alternative.

12. For the above and foregoing reasons, the Debtor urges the Court to convert this case to a case under Chapter 7.

13. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its Order converting the case to a case under Chapter 7 of the Bankruptcy Code. The Debtor prays for general relief.

THIS the 5th day of May, 2011.

Respectfully submitted,

FOREST PACKING COMPANY

By Its Attorneys

HARRIS JERNIGAN & GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
Telephone No.: 601-427-0048
Facsimile No.: 601-427-0050

F:\Users\Bankrupt\Forest Packing-Lady Forest\Forest Packing Co\Pleadings\Motion to Convert.wpd

-3-

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

>Ronald McAlpin, Esq.
>Office of the United States Trustee
>Ronald.McAlpin@usdoj.gov
>
>Derek A. Henderson, Esq.
>d_henderson@bellsouth.net
>
>Patrick F. McAllister, Esq.
>pmcallister@wmjlaw.com
>
>Jeffrey D. Prol, Esq.
>Lowenstein Sandler PC
>65 Livingston Avenue
>Roseland, NJ 07068
>jprol@lowenstein.com

THIS, the 5th day of May, 2011.

_____
Craig M. Geno