IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | BANKRUPTCY PROCEEDING |
| FOREST PACKING COMPANY | CASE NO. 11-00627 NPO |

**BANK OF FOREST**

**VS.**

**FOREST PACKING COMPANY**

## ORDER GRANTING MOTION FOR ABANDONMENT AND REQUEST FOR TERMINATION OF §362 AUTOMATIC STAY

THIS MATTER COMES before the Court upon Motion for Abandonment and Request for Termination of §362 Automatic Stay or, in the Alternative, Request for Adequate Protection Payments filed by Bank of Forest (Docket No. 46). After notice to creditors and parties-in-interest, no objections have been filed. The Court finds that the Motion is well taken and should be granted. Bank of Forest asserts the following:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §361, 11 U.S.C. §362, 11 U.S.C. §105 and Rule 9014 of the Federal Rules of Bankruptcy Procedure. This matter is a core proceeding.

2.

On February 21, 2011, Forest Packing Company ("Debtor") filed its petition under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi. On May 9, 2011, the case was converted to a Chapter 7. Stephen Smith was appointed as the Chapter 7 Trustee.

3.

Prior to the filing of the bankruptcy petition, three (3) loans were executed to Bank of Forest. The loans are as follows:

Loan No. 1 -
    Borrower:    Forest Packing Company and Lady Forest Farms, Inc.
    Loan No.:    xx560
    Date of loan:    June 11, 2009
    Principal:    $751,205.00
    Payoff as of 02/24/11:    $663,672.08
    Per Diem:    $103.81229

    Collateral:    3 commercial buildings and 2.1 acres (16th Section), Scott County, MS
    Deed of Trust dated 06/11/09 and recorded 06/17/09 in Book 756, Page 347
    Renewal/Extension - Book 742, Page 530
    Grantor: Forest Packing Company

    295 ± acres, Scott County, MS
    Deed of Trust dated 06/11/09 and recorded 06/17/09 in Book 756, Page 324
    Renewal/Extension - Book 743, Page 1
    Renewal/Extension - Book 742, Page 538
    Grantor: Lady Forest Farms, Inc.

    Guaranty:    H.H. Haralson, III
    W.C. Haralson
    Jerry Haralson

Loan No. 2 -
    Borrower:    Forest Packing Company and Lady Forest Farms, Inc.
    Loan No.:    xx896
    Date of loan:    June 11, 2010
    Principal:    $300,075.00
    Payoff as of 02/24/11:    $302,202.24
    Per Diem:    $47.27208

    Collateral:    3 commercial buildings and 2.1 acres (16th Section), Scott County, MS
    Deed of Trust dated 06/11/09 and recorded 06/17/09 in Book 756, Page 342
    Renewal/Extension - Book 742, Page 530
    Grantor: Forest Packing Company

    295 ± acres, Scott County, MS
    Deed of Trust dated 06/11/09 and recorded 06/17/09 in Book 756, Page 333
    Renewal/Extension - Book 743, Page 1

            Grantor: Lady Forest Farms, Inc.

            Guaranty:    H.H. Haralson, III
                              W.C. Haralson
                              Jerry Haralson

<u>Loan No. 3</u> -
- Borrower: Forest Packing Company and Lady Forest Farms, Inc.
- Loan No.: xx613
- Date of loan: February 15, 2011 (renewal January 21, 2011)
- Principal: $100,075.00
- Payoff as of 02/24/11: $77,258.50
- Per Diem: $47.27208

Collateral:    3 commercial buildings and 2.1 acres (16th Section), Scott County, MS
Deed of Trust dated 01/21/11 and recorded 01/26/11 in Book 780, Page 631
Grantor: Forest Packing Company

295 ± acres, Scott County, MS
Deed of Trust dated 01/21/11 and recorded 01/26/11 in Book 780, Page 625
Grantor: Lady Forest Farms, Inc.

Assignment / Transfer of Life Insurance
Policy No. 79R0032 - W.C. Haralson
Policy No. 79R0033 - H.H. Haralson
Policy No. 79R0034 - J. F. Haralson

            Guaranty:    H.H. Haralson, III
                              W.C. Haralson
                              Jerry Haralson

4.

As a result of the above referenced loans, Bank of Forest has a first lien position on two (2) tracts of real property located in Scott County, Mississippi described as follows:

A)    3 commercial buildings and 2.1 acres (16th Section) that belongs to the Debtor:

Commence at the NW Corner of the NE 1/4, Section 16, Township 6 North, Range 8 East, Scott County, Mississippi and run East 805 feet along the Section line; thence run South 7 degrees 14 minutes West 1580 feet to a point on south right-of-way line of U.S. Highway No. 80, said point being the center line of State Highway No. 35; thence run North 70 degrees 46 minutes West 250 feet to a point on the South right-

of-way line of said U.S. Highway No. 80 for the Point of Beginning; thence continue North 70 degrees 46 minutes West 261 feet along the South right-of-way of said Highway No. 80 to a chain fence; thence run South 18 degrees 32 minutes West 105.5 feet along said fence line to a point on said fence; thence run Southeasterly 121.9 feet along said fence to a point on said fence; thence continue Southeasterly 127 feet along said fence to a point on said fence; thence run Easterly 268 feet along said chain fence to a point on the West right-of-way line of State Highway No. 35; thence run Northwesterly 298 feet along the Wester right-of-way lien of Highway No. 35 to the Point of Beginning, containing 2.1 acres, more or less, and being in the SW 1/4 of NE 1/4, Section 16, Township 6 North, Range 8 East, Scott County, Mississippi, and being shown as Parcel #25 for the City of Forest.

MORE PARTICULARLY DESCRIBED AS:

A tract of land containing 1.702 acres located in Section 16, T6N, R8E, City of Forest, Scott County, Mississippi. Commencing at a point where the west right-of-way line of Mississippi Highway No. 35 intersect the north right-of-way line of the I.C.G. Railroad; thence run N 07 degrees 14' E along the west right-of-way of said Highway No. 35 for a distance of 858.01 feet; thence continuing along said right-of-way N 23 degrees 05' 55" W for a distance of 41.36 feet to the Point of Beginning; thence continuing along said right-of-way N 23 degrees 05' 55" W for a distance of 248.36 feet to the intersection of the west right-of-way of said Highway No. 35 and the southern right-of-way of U.S. Highway No. 80; thence run N 71 degrees 26' 00" W along the southern right-of-way of said Highway No. 80 for a distance of 261.00 feet to a chain link fence; thence following said chain link fence S 21 degrees 30' 08" W for a distance of 54.35 feet; S 13 degrees 42' 03" W for a distance of 69.34 feet; S 10 degrees 20' 11" for a distance of 64.31 feet; S 38 degrees 30' 18" E for a distance of 74.92 feet; S 45 degrees 44' 44" E for a distance of 46.32 feet; S 69 degrees 30' 38" E for a distance of 28.52 feet; thence run S 83 degrees 37' 21" E along said fence and an extended line of said fence for a distance of 264.76 feet to the Point of Beginning.

B)   295 ± acres that belongs to Lady Forest Farms, Inc. (Not the Debtor):

East ½ of NE 1/4, the NW 1/4 of NE 1/4 and SW 1/4 of NE 1/4, Section 9, Township 6 North, Range 8 East

and

SW 1/4 of NE 1/4, NE 1/4 of NE 1/4, NW 1/4 and NW 1/4 of NE 1/4, Section 10, Township 6 North, Range 8 East, Scott County, Mississippi

The full and complete legal description is included in the Deeds of Trust attached as Exhibits. Further, Bank of Forest holds three (3) insurance policies.

5.

The 295 ± acres and the insurance policies are not property of the bankruptcy estate.

6.

Section 362(d) provides that –

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
    (1) for cause, including the lack of adequate protection of an interest in
    property of such party in interest;
    (2) with respect to a stay of an act against property under subsection (a) of
    this section, if –
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization.

7.

The loans are cross collateralized. The loans are in default. Bank of Forest estimates that the value of its collateral is $450,000.00 (2.1 acres), $663,750.00 (295 acres), and $51,300.00 (cash value of policies) for a total of $1,165,050.00. Therefore, there is little or no equity in the bank's collateral for the benefit of the estate. Further, the Debtor does not have the ability to maintain its operations with a positive cash flow and as such cannot propose an effective plan of reorganization. As of the week of April 4, 2011, the Debtor only had a half (½) day of work for the processing facility. Also, the DIP bank accounts held no significant funds and were for the most part at a zero balance.

8.

The Debtor's continued use of Bank of Forest's collateral without payment fails to provide adequate protection to Bank of Forest. The real property taxes for 2010 have not been paid. The 2.1 acres are 16th Section property in which the lease requires that taxes be paid. Any assumption of the lease will require the property taxes being paid current. The Debtor does not have the ability to pay the property taxes at this time.

9.

On April 11, 2011, Bank of Forest filed its Motion for Abandonment and Request for Termination of §362 Automatic Stay or, in the Alternative, Request for Adequate Protection Payments. After notice to creditors and parties-in-interest, no objections have been filed.

10.

Bank of Forest requests the Court to abandon its collateral from the bankruptcy estate and requests that the §362 automatic stay be terminated to allow Bank of Forest to foreclose and/or repossess its collateral.

THEREFORE, IT IS ORDERED that the Motion for Abandonment and Request for Termination of §362 Automatic Stay or, in the Alternative, Request for Adequate Protection Payments filed by Bank of Forest is hereby granted. The collateral of Bank of Forest including three (3) commercial buildings and 2.1 acres (16th Section land) located in Scott County, Mississippi, 295 ± acres belonging to Lady Forest Farms, Inc. located in Scott County, Mississippi and the three (3) insurance policies, Policy No. 79R0032 (W.C. Haralson), Policy No. 79R0033 (H.H. Haralson), and Policy No. 79R0034 (J. F. Haralson), are abandoned from the bankruptcy estate. The §362 automatic stay is terminated to allow Bank of Forest to foreclose and/or repossess its collateral.

IT IS FURTHER ORDERED that a separate final judgment shall be entered.

SO ORDERED.

Submitted by:

*[signature]*

Derek A. Henderson
Attorney for Bank of Forest
111 East Capitol Street, Suite 455
Jackson, Mississippi 39201
(601) 948-3167
d_henderson@bellsouth.net