IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                                                                  CHAPTER 7
FOREST PACKING COMPANY                                                Case No. 11-00627-NPO

COMMUNITY BANK OF MISSISSIPPI                                 SECURED PARTY/MOVANT

**MOTION OF COMMUNITY BANK OF MISSISSIPPI FOR RELIEF
FROM AUTOMATIC STAY AND FOR ABANDONMENT OF
PROPERTY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION**

COMES NOW Community Bank of Mississippi, (hereinafter "Community"), a secured creditor and party in interest in this cause, by and through its attorney, and moves this Court to modify the automatic stay and for abandonment of property or, alternatively, for adequate protection, pursuant to 11 U.S.C. §361 and §362.

**JURISDICTION**

1. This Court has jurisdiction over this proceeding pursuant to Title 28 U.S.C. §157(b)(2)(G) and 11 U.S.C. §361 and 11 U.S.C. §362. This is a core proceeding.

2. Community is a nationally chartered banking corporation with its principal offices in Forest, Mississippi.

3. The Debtor is a Mississippi corporation.

**PROCEDURAL HISTORY**

4. On February 21, 2011, the Debtor, Forest Packing Company (hereinafter "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101, *et seq*. By operation of 11 U.S.C. §362, Community is prohibited from commitment of any judicial proceeding against Debtor, any act to obtain possession of property of the estate, or any act to enforce any lien against the property of the estate.

5.     On May 5, 2011 the Debtor filed its motion to convert this proceeding to Chapter 7 ( Doc 64).  In its motion to convert, the Debtor acknowledged that it has no product to process, that all accounts receivables that could be reasonably collected have been collected, that its utility services have been terminated, that its insurance coverage has been terminated and that it has no cash to operate.

6.     On May 9, 2011 this Court granted the Debtor's motion to convert and entered an Order converting this proceeding to Chapter 7. (Doc. 67).

## BACKGROUND AND FACTS

7.     The Debtor and its sister corporation, Lady Forest Farms, Inc. ("Lady Forest"), operated a poultry growing, processing and marketing operation in Forest, Mississippi.  On February 27, 2004 the Debtor pledged real and personal property to Community as collateral for Community loan no. xxxx8486 in the original principal balance of $1,500,000.00.  True and correct copies of the February 2004 Promissory Note, Deeds of Trust and UCC-1 financing statement securing the 2004 loan are attached hereto as Exhibit "A" and are incorporated herein by reference.

8.     On February 20, 2007 Community loaned Lady Forest $1,250,000.00, the proceeds of which were used to pay down an operating line of credit in the amount of $1,500,000.00.  Lady Forest used approximately $1,000,000.00 of the operating line proceeds to make improvements on the Debtor's proessing plant. True and correct copies of February 2007 Promissory Note and Deed of Trust securing the 2007 loan are attached hereto as Exhibit "B" and are incorporated herein by reference.

9.     In 2009 the Debtor and Lady Forest restructured their debt with Community.  As part of the restructured lending relationship, Lady Forest paid the outstanding debt of the Debtor and the Debtor agreed to continue to pledge its real property and equipment as collateral for the restructured loans to Lady Forest.  As part of the restructuring of the lending relationship with Community, Lady

Forest obtained three loans from Community which were outstanding as of the date of the Debtor's Chapter 11 petition. The loans are cross collateralized and are summarized as follows:

    A.    Loan No. xxx7886

| | |
|---|---|
| Borrower: | Lady Forest Farms, Inc. |
| Date of loan: | 03/27/2009 |
| Payoff as of 04/21/2011: | $2,439,057.71 |
| Principal: | $2,363,010.52 |
| Interest: | $66,424.47 |
| Per Diem: | $388.47 |

Collateral:

    i.    March 27, 2009 Security Agreements on the Inventory, machinery, equipment and accounts from the Debtor and Lady Forest, perfected by UCC-1 Financing Statements filed with the Mississippi Secretary of State on April 3, 2009, File Nos. 20090059476C and 20090069428M

    ii.    Deeds of Trust from the Debtor and Lady Forest dated March 27, 2009, which were filed of record in the offices of the Chancery Clerks of Scott and Newton Counties, Mississippi on April 2, 2009. The Deed of Trust from Lady Forest filed in Scott County at Book 753, Page 166 perfects a security interest in two tracts of property and improvements owned by Lady Forest in Scott County, one referred to as the Coleman Road property and a second tract totaling approximately 65 acres. The Deed of Trust from the Debtor filed in Scott County at Book 753, Page 175 perfects a security interest in a tract of property and improvements in Scott County totaling approximately 3.01 acres. The Deed of Trust from Lady Forest filed Newton County at Book 328, Page 425 perfects a security interest in a tract of real property and improvements owned by Lady Forest in Newton County totaling approximately 1,253.68 acres.

The Promissory Note and Security documents for Loan No. xxx7886 are attached hereto as Composite Exhibit "C" and are incorporated herein by reference.

    B.    No. xxx8173

| | |
|---|---|
| Borrower: | Lady Forest Farms, Inc. |
| Date of loan: | 03/27/2009 |
| Payoff as of 04/21/2011: | $1,791,805.11 |
| Principal: | $1,753,557.28 |
| Interest: | $29,041.79 |
| Per diem: | $312.28 |
| Collateral: | i. March 27, 2009 Security Agreements on the Inventory, machinery, |

        equipment and accounts from the Debtor and Lady Forest, perfected by UCC-1 Financing Statements filed with the Mississippi Secretary of State on April 3, 2009, File Nos. 20090059476C and 20090069428M

    ii.    Deeds of Trust from the Debtor and Lady Forest dated March 27, 2009, which were filed of record in the offices of the Chancery Clerks of Scott and Newton Counties, Mississippi on April 2, 2009. The Deed of Trust filed in Scott County at Book 753, Page 232, perfects a security interest in real property and improvements owned by the Debtor in Scott County, one referred to as the Coleman Road property and a second tract totaling approximately 65 acres. The Deed of Trust filed in Scott County at Book 753, Page 223 perfects a security interest in a tract of real property and improvements owned by Lady Forest in Scott County totaling approximately 3.01 acres. The Deed of Trust filed in Newton Court at Book 328, Page 441 and re-recorded at Book 329, Page 658, perfects a security interest in a tract of real property and improvements owned by Lady Forest in Newton County totaling approximately 1,253.68 acres.

The Promissory Note and Security documents for Loan No. xxx8173 are attached hereto as Composite Exhibit "D" and are incorporated herein by reference.

    C.    No. xxx6993
        Borrower:    Lady Forest Farm, Inx.
        Date of loan:    07/02/2010
        Payoff as of 04/21/2011:    $1,006,342.60
        Principal:    $975,611.09
        Interest:    $25,980.66
        Per diem:    $160.37

Collateral:    Deeds of Trust from the Debtor and Lady Forest dated July 2, 2010, which were filed of record in the offices of the Chancery Clerks of Scott and Newton Counties, Mississippi on July 13, 2010. The Deed of Trust filed at Book 773, Page 207 perfects a security interest in a tract of property and improvements owned by Lady Forest in Scott County referred as the Coleman Road property. The Deed of Trust from the Debtor filed at Book 773, Page 196 perfects a security interest in a tract of property and improvements owned by the Debtor in Scott County totaling approximately 65 acres. The Deed of Trust filed at Book 773, Page 185 perfects a security interest in a tract of real property and improvements owned by Lady Forest in Scott County totaling approximately 3.01 acres. The Deed of Trust filed at Book 342, Page 250 perfects a security interest in a tract of real property and improvements owned by Lady Forest in Newton County totaling approximately 1,253.68 acres.

The Promissory Note and Security documents for Loan No. xxx6993 are attached hereto as Composite Exhibit "E" and are incorporated herein by reference.

10. As a result of the above referenced loans, Community has a first lien position the on inventory, machinery, and equipment of the Debtor and Lady Forest.  Community also has a first lien position on three tracts of real property located in Scott County,  Mississippi and one tract of real property located in Newton County, Mississippi.  Said tracts real property are described as follows:

A. **Tract I: South Coleman Road**

The North 1/2 of NW 1/4 of NW 1/4, Section 16, Township 7 North, Range 8 East, Scott County, MS.

B. **Tract II: 110 Commerce Loop**

Commence at the West right-of-way of Highway 35 as in 1996 and the North right-of-way of Illinois Central Railroad thence run North 07 degrees 14 minutes East, 654.57 feet along the West right-of-way of said Highway 35 to the Point of Beginning; thence run North 07 degrees 14 minutes East, 206.75 feet along said right-of-way; thence run North 23 degrees 05 minutes 55 seconds West, 41.36 feet along said right-of-way; thence run North 89 degrees 40 minutes 27 seconds West, 46.82 feet to the corner of tin building; thence run North 84 degrees 12 minutes 35 seconds West, 464.28 feet to the West side of Commerce Loop; thence run South 02 degrees 44 minutes West, 261.74 feet along the West side of said Commerce Loop; then run South 82 degrees 46 minutes East, 257.93 feet; thence run north 62 degrees 51 minutes 22 seconds East, 63.40 feet; thence run South 82 degrees 46 seconds East, 200.69 feet to the Point of Beginning, said tract containing 3.01 acres and located in SW 1/4 of NE 1/4, Section 16, Township 6 North, Range 8 East, Scott County, Mississippi.

C. **Tract III: 4740 Hwy 550 (Newton County)**

Begin at the Southwest corner of the SE ¼ of the SW ¼ of Section 3, Township 5 North, Range 10 East, Newton County, Mississippi, and run thence North 89 degrees 46 minutes 25 seconds East 1,313.84 feet; thence South 00 degrees 06 minutes 41 seconds East 2,546.31 feet; thence South 77 degrees 56 minutes 52 seconds West 610.26 feet; thence South 01 degree 58 minutes 52 seconds East 2,563.57 feet; thence North 88 degrees 35 minutes 43 seconds East 2,693.85 feet; thence South 03 degrees 22 minutes 12 seconds East 1,554.15 feet, thence North 82 degrees 44 minutes 14 seconds East 2,021.73 feet; thence South 02 degrees 13 minutes 22

seconds West 1,361.10 feet, thence North 87 degrees 05 minutes 54 seconds East 1,382.04 feet; thence North 05 degrees 29 minutes 10 seconds West 1,289.08 feet; thence South 77 degrees 36 minutes 14 seconds East 1,123.18 feet to the West right-of-way line of Mississippi State Highway 505; thence along the said West right-of-way line as follows: North 00 degrees 49 minutes 00 seconds West 18.09 feet; North 14 degrees 46 minutes 07 seconds West 99.60 feet; North 00 degrees 24 minutes 45 seconds West 600.50 feet; North 13 degrees 19 minutes 09 seconds East 101.97 feet; North 00 degrees 25 minutes 25 seconds West 514.81 feet; Northerly along the arc of a 0 degree 10 minute circular curve right, having a radius of 34,377.47 feet, 289.98 feet; North 00 degrees 02 minutes 09 seconds East 5,302.76 feet; Northerly along the arc of a 1 degree circular curve right, having a radius of 5,729.58 feet 341.67 feet; North 03 degrees 22 minutes 26 seconds East 650.24 feet; thence South 89 degrees 53 minutes 19 seconds West 2,625.22 feet; thence North 00 degrees 21 minutes 26 seconds East 1,300.17 feet; thence West 1,317.68 feet; thence South 00 degrees 21 minutes 26 seconds West 1,276.37 feet; thence North 89 degrees 17 minutes 30 seconds West 3,997.87 feet; thence South 00 degrees 05 minutes 38 seconds West 1,274.69 feet to the point of beginning. The herein described property is situated in the SW ¼ of the SE ¼ and the SE ¼ of the SW ¼ and the West ½ of the SW ¼ of Section 2; the South ½ of the South ½ of Section 3, the E ½ and the East ½ of the East ½ of the West ½ of Section 10, the West ½ and the West ½ of the East ½ of Section 11; the NW ¼ and the West ½ of the NE ¼ of Section 14; and the East ½ of the East ½ of the NE ¼ of Section 15, and all in Township 5 North, Range 10 East, Newton County, Mississippi, and contains 1,253.68 acres, more or less.

D. **Tract IV: 65 acre tract**

Begin at the Southeast Corner of the SE 1/4 of NW 1/4 of Section 18, Township 6 North, Range 8 East, Scott County, Mississippi, and run thence North 89 degrees 00' West, 1320 feet; thence North 01 degrees 00' East 1260.3 feet to the south right of way line of the Illinois Central Railroad; thence South 83 degrees 25' East, 2651.8 feet along said right-of-way line to its intersection with the East line of the SW 1/4 of the NE 1/4 of the said Section 18, thence South 01 degree 00' West 516.3 feet; thence North 89 degrees 00' West 210 feet; thence South 01 degrees 00' West, 420 feet to the North right of way line of U.S. Highway 80; thence North 89 degrees 00' West 597 feet along said right-of-way line; thence South 86 degrees 00' West 83 feet along said right of way line; thence South 84 degrees 00' West, 100 feet along said right-of-way line; thence South 79 degrees 00' West, 100 feet along said right-of-way line; thence South 76 degrees 00' West, 100 feet along said right-of-way line to its intersection with the South line of the SW 1/4 of the NE 1/4 of the said Section 18, thence North 89 degrees 00' West, 136 feet to the point of beginning. The herein described property is situated in the SE 1/4 of the NW 1/4 and the SW 1/4 of the NE 1/4 of the said Section 18, and contains 64.95 acres, more or less.

11. Following the filing of the petition for relief, the Debtor and Lady Forest have ceased all operations regarding its business. Insurance on the Debtor's operations expired on May 6, 2011. The Debtor has no cashflow or poultry inventory which would be required to continue its business operations. By virtue of the termination of the Debtor's operations, value of Community's collateral has significant diminished from a going concern value to a liquidation value.

12. Community's loans are cross-collateralized and are in default. Community further submits that the secured properties have the following approximate current liquidation value: South Coleman Road (hatchery real property) - $235,000.00; South Coleman Road (hatchery equipment) - $292,200.00; 110 Commerce Loop (processing plant real property) - $470,000; 110 Commerce Loop (processing plant equipment) - $1,846,250.00; 4740 Highway 505 (real property and poultry houses) - $2,932,000.00; and 65 acre tract of real property - $292,000.00.

## GROUNDS FOR RELIEF FROM STAY

### 11 U.S.C. §632(d)(1)

13. By virtue of the inability of the Debtor to obtain insurance or pay any post-petition debts now or any time in the future, Community lacks adequate protection for its collateral. Community has been forced to incur substantial costs to obtain insurance preserving and protecting its collateral. As such, Community is entitled to relief from the automatic stay for cause under 11 U.S.C. §632(d)(1).

### 11 U.S.C. §632(d)(2)

14. To the limited extent the Debtor has any remaining equity in the collateral pledged to Community, the value of the collateral is rapidly diminishing since the collateral is non-operational and now has only liquidation value. Further, since the Debtor has ceased operations without any intent to resume operations in the future as evidenced by its conversion to Chapter 7, the property is not necessary for an effective reorganization of the Debtor. As such, Community is entitled to

relief from the automatic stay under 11 U.S.C. §632(d)(2).

15.     The secured property should be also abandoned from the Debtor's estate pursuant to 11 U.S.C. §554 since the property is burdensome to the estate.

16.     In the alternative, Community requests that the Court approve adequate protection payments to Community in an appropriate amount since the outstanding debt to Community continues to increase through interest, fees, costs to preserve and protect the collateral and attorneys fees. The Debtor is continuing the use of Community's collateral without payment.

WHEREFORE, PREMISES CONSIDERED, Community prays the automatic stay under 11 U.S.C. §362 be terminated or lifted, after notice and hearing, in order to allow Community to proceed with enforcement of all its rights and remedies in its security interest in said property and that the property be abandoned from the estate. Alternatively, Community should be granted an order providing for adequate protection payments. Community further prays for general and special relief as the Court may deem appropriate in the premises.

RESPECTFULLY SUBMITTED this the 31st day of May, 2011.

    Respectfully submitted,

    COMMUNITY BANK OF MISSISSIPPI

    BY:  WILLIFORD, McALLISTER & JACOBUS, LLP
         303 Highland Park Cove, Suite A
         Ridgeland, MS  39157-6059
         (601) 991-2000
         pmcallister@wmjlaw.com

    BY:  /s/Patrick F. McAllister
         PATRICK F. MCALLISTER, MSB #2177

## **CERTIFICATE OF SERVICE**

I, Patrick F. McAllister, do hereby certify that I have this day served a true and correct copy of the above and foregoing Motion upon the following via the Court's electronic filing system:

> Craig M. Geno, Esq.
> Harris Jernigan & Geno
> P. O. Box 3380
> Ridgeland, MS 39158-3380
> Attorney for the Debtor
>
> R. Michael Bolen
> 100 West Capitol Street, Suite 706
> Jackson, MS 39269
> U. S. Trustee
>
> Stephen Smith
> 5 Old River Place
> Suite 107
> Jackson, MS 39202-3449
> Chapter 7 Trustee
>
> Eileen N. Shaffer, Esq.
> P. O. Box 1177
> Jackson, MS 39215-1177
> Attorney for Chapter 7 Trustee

DATED: this the 31st day of May, 2011.

>> */s/Patrick F. McAllister*
>> PATRICK F. MCALLISTER